UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON

ADRIAN CHRISTOPHER HAYNES,      )
                                )
     Petitioner,                )    Civil No. 17-009-JMH
                                )
v.                              )
                                )
FRANCISCO QUINTANA, Warden,     )    **MEMORANDUM OPINION**
                                )         **AND ORDER**
     Respondent.                )
                                )

                    ***   ***   ***   ***

Adrian Christopher Haynes is an inmate at the Federal Medical Center (FMC) in Lexington, Kentucky. Proceeding without a lawyer, Haynes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. [R. 1]. For the reasons set forth below, the Court will deny Haynes's petition.

In April 2016, a prison officer at FMC-Lexington conducted a comprehensive search of Haynes's cell and bathroom, which he shares with five other inmates. [R. 1-2 at 4]. Inside an air duct in the bathroom, the officer found two small plastic bags containing diet pills. [Id.]. The officer filled out an incident report and charged Haynes with a Code 331 offense, possession of non-hazardous contraband. [Id.].

A disciplinary hearing was held in May 2016. [R. 1-2 at 5-9]. At the hearing, Haynes did not dispute that the officer found

the pills in his bathroom. Instead, Haynes argued that the pills did not belong to him and that a recent urinalysis and blood test would prove "that I am not taking anything I'm not supposed to." [R. 1-2 at 7]. Haynes also argued, among other things, that he has lupus and cannot take diet pills. [Id. at 7-8].

The discipline hearing officer (DHO), however, concluded that Haynes possessed the diet pills. The DHO stated that he was relying on the prison officer's incident report and explained to Haynes that "being assigned to that cell made you responsible for keeping it free and clear of all contraband items." [Id. at 7]. The DHO then said that he personally "went to visually ascertain the layout of this multi-inmate cell" and determined as follows:

> The bathroom is accessible only through that cell, and is for use solely by occupants of that cell. It is not a common area within FMC-Lexington, but rather an area which is the responsibility solely of the occupants of that cell. Additionally, the vent is located on the wall in an area which was basically out of arms reach from the floor. However, by the layout of the bathroom, any inmate assigned to the cell could easily climb onto items in the bathroom and onto the block wall of the shower. While on the shower wall, the air duct (vent) was well within reach and accessible.

[Id.]. The DHO then said that inmates commonly hide contraband in bathroom air vents, and he added that Haynes should have been familiar with all areas of his bathroom given that he uses it multiple times a day and was responsible for it. [Id.]. Finally, the DHO emphasized that Haynes was charged with possessing the diet pills, not using them, and thus his arguments about his urine

2

and blood tests and lupus were unpersuasive. [Id. at 7-8]. Ultimately, the DHO sentenced Haynes to seven days in disciplinary segregation and ordered that he lose 14 days of good conduct time and 120 days of commissary privileges. [Id. at 9].

Haynes appealed the DHO's decision administratively within the Bureau of Prisons, but it appears he did not receive a response. [R. 1 at 4; R. 1-2 at 10-11]. Haynes then filed his § 2241 petition with this Court. [R. 1]. Haynes argues, among other things, that the bathroom air vent "is 12 feet high and not easily accessible" and, therefore, he suggests that he should not be held responsible for what was inside the vent. [R. 1 at 5]. Haynes also claims that he has otherwise had a clean disciplinary record and did not know that inmates commonly hide contraband in bathroom air vents. [Id. at 5].

As an initial matter, Haynes does not contend that he was denied the procedural protections he was due, such as advance notice of the charge against him, the opportunity to present evidence in his defense, and a written decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Therefore, the pertinent question before this Court is simply whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013). This is a very low threshold.

Indeed, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely asks "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (discussing this standard).

In this case, there was certainly some evidence in the record to support the DHO's decision. After all, the prison officer who conducted the search indicated that he found the contraband in the bathroom corresponding to the cell to which Haynes was assigned. [R. 1-2 at 4]. The DHO also personally confirmed that the bathroom in question "is accessible only through that cell, and is for use solely by occupants of that cell," which, of course, included Haynes. [R. 1-2 at 7]. The DHO also independently ascertained that although the bathroom air vent is "basically out of arms reach from the floor," the layout of the bathroom is such that "any inmate assigned to the cell could easily climb onto items in the bathroom and onto the block wall of the shower. While on the shower wall, the air duct (vent) was well within reach and accessible." [Id.]. In light of the foregoing, there was certainly sufficient evidence to support the imposition of sanctions in this case.

This result is consistent with other constructive-possession cases in this district in which a DHO imposed sanctions on an inmate after contraband was found in that inmate's quarters. *See, e.g.*, *Miles v. USP-Big Sandy*, No. 7:11-cv-058-KSF, 2012 WL 1380274 (E.D. Ky. Apr. 20, 2012); *Farris v. Wilson*, No. 6:09-cv-127-GFVT, 2009 WL 3257955 (E.D. Ky. Oct. 8, 2009); *Perez v. Rios*, No. 7:08-cv-171-KKC, 2009 WL 499141 (E.D. Ky. Feb. 27, 2009). In each of those cases, the Court stressed that inmates are responsible for ensuring that their areas remain free of contraband and decided that there was some evidence to support the DHO's decision. *Miles*, 2012 WL 1380274, at *3; *Farris*, 2009 WL 3257955, at *5; *Perez*, 2009 WL 499141, at *2. The same is true in this case.

In conclusion, there was some evidence to support the DHO's decision that Haynes possessed the contraband. Accordingly, it is hereby **ORDERED** as follows:

1. Haynes's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 11th day of September, 2017.


Signed By:
*Joseph M. Hood*
Senior U.S. District Judge